UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA,          )
                                   )
          Plaintiff,               )
                                   )
          v.                       )   Case No. 4:21 CR 465 CDP (SRW)
                                   )
SCOTT TAGGART ROETHLE, M.D.,        )              **To Be Filed Under Seal**
                                   )
          Defendant.               )

## SECOND ORDER FOR COMPETENCY EXAMINATION

This matter is before the Court on a motion filed by the Government requesting a mental

competency examination of Defendant Scott Roethle, pursuant to Title 18 U.S.C. § 4241, and

requesting a report of the examination and a hearing. ECF No. 154. Defendant opposes this

motion and also filed pleadings requesting the Court deny this request and vacate the hearing.

ECF Nos. 155, 159, 161, 163. On May 17, 2024, the Court heard the Government's motion. The

Court previously granted the Government's motion and allowed Defendant to participate in the

examination on an outpatient basis. ECF No. 170. Defendant intentionally failed to participate in

the outpatient competency examination. The Government then moved to revoke Defendant's

pretrial release and detain him. After a hearing on that matter the Court revoked Defendant's

pretrial release and remanded Defendant into custody.

The Court made the following findings in the original order for a competency

examination. On August 18, 2021, the grand jury returned an indictment charging Defendant

with one count of conspiring to commit health care fraud and to violate the Anti-Kickback

statute, together with 24 individual counts of health care fraud. ECF No. 1. The Court released

Defendant on his own recognizance. ECF No. 9.

Defendant was represented by retained counsel from the beginning of the case until December 18, 2023, when Defendant fired his attorneys and advised the Court that he wished to represent himself in this case. The Court conducted a hearing pursuant to *Faretta v. California*, 422 U.S. 806 (1975), and found Defendant knowingly, intelligently, and voluntarily waived his right to counsel and would be representing himself going forward.

After a number of requests for additional time, Defendant filed a motion to dismiss the indictment on April 9, 2024. ECF No. 152. On April 22, the Government filed a memorandum in opposition to Defendant's motion to dismiss. ECF No. 153. On April 25, 2024, the Government filed the instant motion seeking a competency evaluation, relying in part on some of the representations Defendant made in his motion to dismiss the indictment. ECF No. 154. Defendant filed a memorandum which opposed the Government's motion for a competency examination and supported his motion to dismiss the indictment. ECF No. 155. The Court scheduled a hearing on the Government's motion for May 10. Defendant filed a motion to continue the hearing on the Government's motion which was granted, and the hearing was rescheduled to May 17. Defendant then filed three motions to vacate the hearing which were denied.

The Government noted three pleadings Defendant filed pro se while he was still represented by counsel, ECF Nos. 95-97, which the Government described as "a series of confusing and legally unrelated documents." ECF No. 154 at 1. The Government also noted Defendant's motion to dismiss, ECF No. 152, alleged confusing allegations of conspiracy, indictments alleging treason involving three former presidents, and black-op attacks on September 11, 2001. The Government further noted Assistant United States Attorneys met with Defendant and counsel over a year ago. Based on their observations of Defendant's prior conduct

and his current conduct, the Government believes Defendant may have suffered a mental breakdown resulting in the unusual pleadings he has presented to this Court.

The Government believes Defendant is suffering from a mental disease or defect and requires medical care and treatment in order to be competent to proceed in this case. The Government is requesting a mental health examination to determine the mental competency of Defendant. The Court shares the concerns raised by the Government that Defendant may now be struggling with mental health issues.

Based on the record before the Court and the representations made in support of the Government's motion, the undersigned finds reasonable cause to believe that Defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

The Court does hereby order that Defendant should be transported **FORTHWITH** by the United States Marshals Service to an institution authorized to conduct a psychological evaluation, pursuant to 18 U.S.C. § 4241, for a determination of his mental competency to stand trial.

It is hereby ordered that a psychiatric and/or psychological examination of Defendant be conducted by a licensed or certified psychiatrist or psychologist at an institution to be designated by the Attorney General of the United States. The examination shall be completed within thirty (30) days, pursuant to the provisions of 18 U.S.C. § 4247(b), unless an extension of this time is granted by the Court.

A psychiatric or psychological report, or both, shall be filed with this Court in accordance with 18 U.S.C. § 4247(c), with copies provided to both parties. This report must be filed within thirty (30) days after Defendant's examination. The report shall include –

1.      The defendant's history and present symptoms;

2.      A description of the psychiatric, psychological, and medical tests that were employed and their results;

3.      The examiner's findings; and

4.      The examiner's opinion whether the defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. *See* 18 U.S.C. § 4247(c)(1)-(4).

After the psychiatric or psychological report is filed, the Court will conduct a hearing pursuant to § 4247(d) to determine whether Defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.

Accordingly,

The Government's Motion for a Competency Examination, Report, and Hearing, ECF No. 154, is again **GRANTED,** and Defendant Scott Roethle is ordered committed to the Attorney General for placement in a suitable facility for a reasonable period, but not to exceed 30 days.

The Court finds that the time needed to complete the mental competency examination and to conduct the hearing on that issue are delays necessary and the time shall be excluded from

the computation of Defendant's right to a speedy trial under the Speedy Trial Act. 18 U.S.C.

3161(h)(7).

      **SO ORDERED** this 23rd day of July, 2024.

_____

STEPHEN R. WELBY

UNITED STATES MAGISTRATE JUDGE